UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE YA-WEN FENG,<br><br>    Plaintiff,<br><br>    v.<br><br>ALTA BATES SUMMIT MEDICAL CENTER, et al.,<br><br>    Defendants. | Case No. 25-cv-06598-JST<br><br>**ORDER ON MOTION TO FILE LATE OBJECTION TO CASE REASSIGNMENT AND MOTION TO RECUSE**<br><br>Re: ECF Nos. 13, 17, 18 |

Pro se Plaintiff Yvonne Ya-Wen Feng has filed two motions concerning the assignment of this case to this Court. She belatedly objects to the reassignment of this case to this Court under Local Rule 3-12 as related to a prior case. She also seeks the Court's recusal. The Court will deny both motions.

I.   **BACKGROUND**

On August 5, 2025, Feng filed the complaint in this matter. ECF No. 1. On August 22, the case was referred to this Court for the purpose of determining whether it was related to the plaintiff's prior suit in *Feng v. Tripp*, No. 24-cv-07539-JST. ECF No. 9. Finding that it was related to *Feng v. Tripp*, this Court reassigned this case to itself on August 29, 2025. ECF No. 10.

On September 17, 2025, Feng filed a motion (1) for an extension of time to file an opposition to the reassignment, (2) for the case to be reassigned back to Judge Orrick because it is not related to *Feng v. Tripp*, and (3) for this Court to be disqualified on grounds of bias. ECF No. 13 at 5. On September 29, 2025, Feng filed another motion for this Court to recuse itself. ECF No 17. On October 2, Feng filed a "corrected re-filing" which is identical in substance to her first motion at ECF No. 13, except for small modifications to the case captions and the attached

...
...

1 proposed order. ECF No. 18.[1]

2 **II.    DISCUSSION**

3       **A.    Extension of Time to Oppose Reassignment**

Under Local Rule 3-12(e) and 7-11(b), Feng was required to submit any opposition to the reassignment of her case by August 26, 2025, four days after it was referred to this court for consideration of its relationship to *Feng v. Tripp*, No. 24-cv-7539-JST. She instead filed her opposition twenty-two days after the deadline, on September 17, 2025. ECF No. 13. She nonetheless requests that the Court "consider it in the interests of justice due to good cause shown" under Federal Rule of Civil Procedure 6(b)(1)(B). *Id*. at 2; ECF No. 18 at 2. Rule 6(b)(1)(B) allows the Court to extend a deadline "for good cause" "on motion made after the time has expired if the party failed to act because of excusable neglect." "'Excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).

Feng asserts that she did not receive the August 22 notice of referral until September 3, and that she did not receive the August 29 notice of reassignment until September 7. ECF No. 18 at 2. She explains that "her communications and mail are subject to surveillance and interference by FBIs, which has caused repeated delays in receiving court notices." *Id*.; *see also* ECF No. 18-1 at 2. She also asserts that her "written responses were interfered by Stalkers, deleted and editing after hours working or USB was stolen." ECF No. 18 at 2. Construing the pro se plaintiff's explanation to indicate that technological or logistical issues prevented her from receiving notice of the referral and reassignment in a timely manner, the Court grants her motion to file a late opposition.

      **B.    Reassignment to this Court as Related to *Feng v. Tripp***

One action is related to another when they "concern substantially the same parties, property, transaction, or event." Civ. L.R. 3-12(a). The Court declines to reverse its earlier

---

[1] Because ECF No. 18 amends ECF No. 13, the motion at ECF No. 13 is terminated as moot.

2

conclusion that this case is relate to *Feng v. Tripp*, No. 24-cv-7539-JST.  ECF No. 10.  In *Feng v. Tripp*, Feng sued the FBI director and unnamed FBI agents, alleged that "organized crime," "FBI mobs," and pharmaceutical companies persecuted her by stalking, hacking, attacking, drugging, and defaming her, blocking and sabotaging her patent filing, surveilling her home and clinic, attempting to poison her, shooting radiation at her, falsely casting her as mentally ill, and falsifying her medical records.  *Feng v. Tripp* ECF No. 1 at 2–4.  She attributed this alleged campaign to the subject of the patent filing—a "non-invasive therapy, using magnetic devices to heal people without using drugs, needles[,] or surgeries."  *Id*. at 7.  She alleged that her invention threatened pharmaceutical companies and incited them to "us[e] FBI mobs as killing machines . . . to revoke [her] license and stop [her from] practicing."  *Id*.

The instant case substantially concerns the same parties.  Although the complaint in this case includes new defendants, including various medical providers, it repeats the claims against unknown FBI agent defendants.  *Compare Feng v. Tripp* ECF No. 1 at 9 *with* ECF No. 1 at 24–25.  The complaint also describes many identical events and injuries, focusing on attacks by the FBI in collaboration with medical providers, allegedly perpetrated because Feng's invention threatens pharmaceutical companies' profits.  ECF No. 1 at 4–8.  She alleges attacks using radiation, poison, and drugs and falsification of medical test results and records, culminating in her involuntary detention pursuant to a 5150 order.  *Id*. at 8–9.  The earlier case also involved a 5150 order.  *Feng v. Tripp* ECF No. 1 at 9 (alleging that unnamed FBI defendants had co-signed an involuntary 5150 order).

In opposing the reassignment of this case as related to *Feng v. Tripp*, Feng appears to argue that the current case is not related to the prior one because 5150 detention plays a more central role in the claims.  ECF 18-1 at 2–3.  But the existence of some differences does not suggest that the cases are not related.  Otherwise, her arguments focus on alleged procedural errors in this Court's handling of *Feng v. Tripp*, which are not relevant to whether the cases are related.  *Id*.  The two cases are related and reassignment to this Court was proper under Local Rule 3-12.

### C. Recusal Under 28 U.S.C. § 455(a)

28 U.S.C. § 455 requires a judge to "disqualify himself in any proceeding in which his

impartiality might reasonably be questioned" or where the judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1).  When a party submits an affidavit legally sufficient to identify personal bias or prejudice against that party, the judge must refer the motion to another judge for adjudication.  *Id*. § 144.

"[O]pinions held by judges as a result of what they learned in earlier proceedings" do not constitute "bias" or "prejudice." *Liteky v. United States*, 510 U.S. 540, 551 (1994).  "It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same [parties]." *Id*.  Conduct or rulings made during the course of prior judicial proceedings are not typically sufficient to evidence bias under Sections 144 and 455 unless they are "so extreme as to display clear inability to render fair judgment." *Id*. at 551–53.  In fact, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id*. at 555 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).

An affidavit under Section 144 that is legally insufficient to allege bias or prejudice under this standard does not trigger the duty to assign the recusal motion to another judge.  *United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999).

Feng argues that recusal is warranted by "a consistent pattern of adverse treatment and procedural irregularities." ECF No. 18 at 3.  She suggests that this Court evinced bias against her in her prior case by raising the lack of standing sua sponte without giving her an opportunity to respond, repeatedly postponing the case management conference "to avoid discovery to cover up [the] FBI's wrongdoing," putting her life at risk by failing to timely rule on her motions for a preliminary injunction, falsely finding this case to be related to *Feng v. Tripp* "to control the case" and "to conceal evidences," and refusing to vacate the decision in *Feng v. Tripp*.  ECF No. 18 at 4.  In her motion to recuse, filed separately at ECF No. 17, Feng also asserts that this Court should recuse itself because of "perceived bias," "abuse [of] discretion," "violation of due process," and "conflict of interest," but she does not explain these allegations further.  ECF No. 17 at 2.

In alleging that the Court is biased against her, Feng has only identified routine decisions in its management of her prior case.  She has identified no extra-judicial source of alleged bias or pattern of irregularities.  Furthermore, her specific allegations are entirely without support.  For

instance, she alleges that the Court denied her due process by sua sponte dismissing the case for lack of standing. But the dismissal of her case was not sua sponte. Rather, the Court adjudicated a motion to dismiss which raised the exact grounds upon which the Court ultimately relied in granting the motion. *Feng v. Tripp* ECF Nos. 23 at 11–13; *Feng v. Tripp* ECF No. 36 at 2–4.

Feng's allegations that the timing of case management conferences and the preliminary injunction ruling were motivated by the desire to cover up FBI wrongdoing or put her life at risk are also unsupported. Feng does not explain how postponing the case management conferences would have "avoided discovery." ECF No. 18 at 4. She likewise does not explain how the reassignment of the case to this Court would enable evidence to be concealed given that evidence is presented to the Court by the parties. *Id*.

In short, Feng has identified no plausible basis on which to find that the Court is biased against her. Because there is no basis for recusal, the Court will deny Feng's motion.

## Conclusion

Feng's motion for an extension of time to oppose reassignment of this case is granted. ECF No. 18. Her motions to reverse the relation of her cases and for the Court's recusal are denied. ECF Nos. 17, 18.

**IT IS SO ORDERED.**

Dated: October 10, 2025



JON S. TIGAR
United States District Judge