UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE YA-WEN FENG,<br><br>  Plaintiff,<br><br>  v.<br><br>ALTA BATES SUMMIT MEDICAL CENTER, et al.,<br><br>  Defendants. | Case No. 25-cv-06598-JST<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND SCREENING AND DISMISSING COMPLAINT**<br><br>Re: ECF No. 3 |

Before the Court is Plaintiff Yvonne Ya-Wen Feng's motion for leave to proceed *in forma pauperis*. ECF No. 3. The Court will grant the motion to proceed in forma pauperis but dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

## I. GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*

The Court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be litigant cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). Having reviewed Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, the Court finds that Plaintiff is unable to pay the full amount of fees and costs or give security. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). The Court therefore grants Plaintiff's request to proceed *in forma pauperis*.

## II. SCREENING OPERATIVE COMPLAINT

### A. Standard of Review

Section 1915(e)(2) requires the Court to screen *in forma pauperis* proceedings to determine if the action is frivolous or malicious, fails to state a claim on which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). If the Court determines that the action "fails to state a claim on which relief may be granted," it must dismiss the case. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citation omitted). While Rule 8 does not require detailed factual allegations, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* Likewise, if a plaintiff lacks Article III standing to bring a suit, the federal court lacks subject-matter jurisdiction and the suit must be dismissed under Rule 12(b)(1). *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

For the purpose of screening under 28 U.S.C. § 1915(e)(2), the Court "accept[s] all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

**B.    Discussion**

Under the substantiality doctrine, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly unsubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotations and citation omitted). "The claim must be so insubstantial, implausible, foreclosed by prior decisions

2

of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court." *Smith-Bey v. Hamlin*, No. 23-55788, 2025 WL 671115, at *1 (9th Cir. Mar. 3, 2025) (internal quotations and citation omitted). "Claims that are too insubstantial to give rise to subject matter jurisdiction include those alleging bizarre or wholly implausibly conspiracy theories." *Ou-Young v. Rudy*, No. 21-cv-07361-BLF, 2022 WL 2343043, at *3 (N.D. Cal. June 29, 2022). "District courts in this and other circuits dismiss cases with prejudice when they . . . involve claims regarding implausible government conspiracies, alleged government control or mental interference, and alleged planting of microchips." *Foster v. Carter*, No. 3:16-cv-02336-LB, 2016 WL 7852472, at *3 (N.D. Cal. Dec. 1, 2016) (collecting cases).

      The substantiality doctrine forecloses the claims in this case. Feng alleges that she is "a victim of malicious persecution by corrupted FBIs and Pharmaceutical companies who alleged Plaintiff with mental illness and delusional to against or discredit her Invention" of a "non-invasive therapy saving lives." ECF No. 1 ¶ 1. She alleges "FBI mobs" are "stalking, hacking, defaming and attacking every[where] plaintiff goes and everyday 24/7 surveillances over 12 years and many countries." *Id.* On August 26, 2024, Feng felt sick "after [she] ate poisoned foods." *Id.* ¶ 2. She went to the emergency room at Alta Bates Summit Medical Center, and she alleges that she was mistreated there at "the direction of FBI malicious prosecution," and that the medical staff were in a "[k]nowingly joint and willful conspir[acy] with FBI [and] refused to treat me." *Id.* ¶ 4. She alleges the Medical Center wrongly placed her under a "5150 involuntary hold" for having "delusions of persecutions by FBI." *Id.* ¶ 5. And she alleges FBI provided her medical staff "a large dose or mixed different Toxic Chemicals intent to kill me instantly or quickly" and that she was injected with these chemicals. *Id.* ¶ 7. She asserts 20 claims and requests over $2 million in damages. *Id.* at 24–34.

      Courts have applied the substantiality doctrine to bar similar allegations in the past. *Zeiny v. United States*, No. 17-cv-07023, 2018 WL 1367389, at *3 (N.D. Cal. Mar. 16, 2018) ("One common theme in [substantiality doctrine] cases is alleged harassment by the intelligence services."); *Caruso v. United States*, No. 2:16-cv-2902-TLN-KJN PS, 2017 WL 1426998, at *2 (E.D. Cal. Apr. 21, 2017) (applying substantiality doctrine to dismiss claims alleging "a large

3

conspiracy involving attorneys, pharmaceutical companies, and faculty from various academic institutions" too insubstantial to give rise to federal jurisdiction); *Zeiny v. United States*, No. 5:13-cv-01220 EJD, 2014 WL 1051341, at *4 (N.D. Cal. Mar. 17, 2014) (applying substantiality doctrine to dismiss claims alleging "a conspiracy of clandestine CIA control over Plaintiff's travel, religious practice, medical care, and employment"); *Ticktin v. Cent. Intel. Agency*, No. CV 08-998-PHX-MHM, 2009 WL 976517, at *4 (D. Ariz. Apr. 9, 2009) (applying substantiality doctrine to dismiss claims that the CIA and/or FBI "target[ed] [plaintiff] for harassment and threats, interfered with his employment, attempted to run him off the road, intended on a separate occasion to kill him, and are currently tapping his phone lines and monitoring his email"); *Popovic v. Grabar-Kitarovic*, No. 18-cv-03503 NC, 2018 WL 3439433, at *2–3 (N.D. Cal. July 17, 2018) (applying substantiality doctrine to dismiss claims that Croatian defense operatives were "heavily attack[ing] [plaintiff] with directed energy weapon" and inflicting "nightly torture episodes" on her).

Taking its guidance from these authorities, the Court finds that Feng's claims are too insubstantial to give rise to subject matter jurisdiction. Accordingly, the Court will dismiss the complaint. Notwithstanding the liberal policy favoring leave to amend for pro se plaintiffs, see *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam), the Court finds that amendment would be futile and thus will not grant leave to amend.

## CONCLUSION

For the foregoing reasons, the Court grants Feng's application to proceed *in forma pauperis* and, upon screening, dismisses the complaint with prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 10, 2025

JON S. TIGAR
United States District Judge

4