UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE YA-WEN FENG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALTA BATES SUMMIT MEDICAL CENTER, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-06598-JST<br><br>**ORDER GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**<br><br>Re: ECF No. 24 |

　　　　Before the Court is Plaintiff's application to proceed in forma pauperis on appeal to the Ninth Circuit. ECF No. 24. The Court will grant the motion.

　　　　A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that she is unable to pay such fees. 28 U.S.C. § 1915(a). A plaintiff who files an appeal with the Ninth Circuit may apply to the Northern District for IFP status in the Ninth Circuit, provided that she shows in detail her inability to pay, claims entitlement to redress, and states the issues she intends to present on appeal. Fed. R. App. P. 24(a). "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3).

　　　　Feng has submitted the required affidavit showing that she lacks the ability to pay or to give security for fees and costs. Fed. R. App. P. 24(a); ECF No. 24. She states that she seeks review of the Court's orders denying her motion for recusal and dismissing her complaint. ECF No. 23.

　　　　In dismissing the complaint, the Court relied on the substantiality doctrine, which holds that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly unsubstantial,

1  obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*,
2  415 U.S. 528, 536–37 (1974); ECF No. 20.  The Ninth Circuit has had few opportunities to
3  explore the boundaries of this doctrine.  *But see Smith-Bey v. Hamlin*, No. 23-55788, 2025 WL
4  671115, at *1 (9th Cir. Mar. 3, 2025).  It is also a particularly unforgiving doctrine, barring claims
5  from federal court entirely if the Court finds that they constitute, among other things, "wholly
6  implausible conspiracy theories." *Ou-Young v. Rudy*, No. 21-cv-07361-BLF, 2022 WL 2343043,
7  at *3 (N.D. Cal. June 29, 2022).

8  Given this context, the Court cannot conclude that Feng's appeal "has 'no arguable basis in
9  fact or law.'" *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (quoting *Franklin v. Murphy*,
10 745 F.2d 1221, 1228 (9th Cir. 1984)).  Appeal of the dismissal is therefore "taken in good faith"
11 within the meaning of 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 444–
12 45 (1962).

13 Plaintiff's motion to proceed in forma pauperis on appeal is GRANTED.

14 **IT IS SO ORDERED.**

15 Dated:  November 12, 2025



JON S. TIGAR
United States District Judge